Bonnie Lee Olson, MD _____ (Full Name)

dr.o@earthlink.net _____ (Email Address)

11901 Sunset Blvd #27 _____ (Address Line 1)

Los Angeles, CA 90049 _____ (Address Line 2)

310-383-5519 _____ (Phone Number)

Plaintiff in Pro Per

FILED
CLERK, U.S. DISTRICT COURT

SEP - 8 2025

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

PAID

SEP - 8 2025

CLERK, U.S. DISTRICT COURT
COURT 4612

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

Bonnie Lee Olson, MD _____ ,

**PLAINTIFF,**

vs.

Douglas A. Collins, Secretary, Agency _____

Dept of Veteran Affairs _____

_____

_____

_____

**DEFENDANT(S).**

Case No. CV25-8498-MWC (AGRx)
(To be supplied by the Clerk)

**AMENDED COMPLAINT**

(Insert Number)

**FOR:**

_____

_____

_____

_____

**Jury Trial Demanded:** ☐ Yes ☑ No

## I. JURISDICTION

1. This Court has jurisdiction under the direction of the Equal Employment Opportunity Commission upon denial of my petition of enforcement of an EEOC AJ final order, reached by summary judgement issued January 4, 2021.

[ See exhibit A]

Form Prepared by Public Counsel
© 2024 Public Counsel. All Rights Reserved.

# IV. <u>STATEMENT OF FACTS</u>

1.    On January 4th, 2021 the AJ at the Equal Employment Opportunity
*Insert ¶ #*

Commission (EEOC) issued a decision by summary judgement on a complaint,

Agency No. 200P-0691-201605330, concluding that the Agency (Dept of Veteran

Affairs) did not provide a specific, clear and individualized explanation as to why

Plaintiff was paid less than younger colleagues. Therefore, the AJ at EEOC entered

judgement in favor of plaintiff on the pay claim. The defendant Agency, Dept of Veteran

Affairs, was ordered to provide plaintiff with back pay from August 21, 2013.

[See Exhibit B]


2.    The specific instructions for the calculation of back pay were detailed
*Insert ¶ #*

by the AJ as quoted below:

m[...] the Agency shall immediately pay Complainant back Pay for the difference

between her pay and that of her highest paid comparatives retroactive to

August 21, 2013, (two years prior to filing the complaint). Comparatives

including any substantially younger psychiatrist (five years younger or more)

employed the West Los Angeles VA Medical Center, who was paid a higher

market pay salary than complainant from August 21, 2013 to the date of

this decision.

3.    On 1-26-22 Plaintiff filed an appeal to the EEOC since the VA had not
*Insert ¶ #*

performed on providing any back pay. In the VA response to the Appeal, which is

EEOC No. 2022001544, VA described adding a number of other factors to find

comparators    such as full-time status, academic appointments and others. None

of these factors were included in the AJ decision. Defendant described submitting

the request for back pay on February 2, 2022, over a year after the order was

released and long after the 60 days demanded in the order.

1

2    1.    On 10-30-23 Defendant Agency was directed to send a compliance

*Insert ¶ #*

3    report to the Office of Federal Operations, reference EEOC Complaint No

4    2024000766 [See Exhibit C]. The report was to include documentation on

5    comparators with evidence such as SF-50 pay information. This report was also to

6    be sent to Plaintiff. VA did not respond to either EEOC or the Plaintiff. Therefore

7    a second appeal was filed by Plaintiff on 12-20-24, EEOC No 2025001081. The

8    appeal noted that comparators had been withheld from consideration.    Four

9    other comparators with SF-50s were available from discovery. [See Exhibit D]

10

11

12    *Insert ¶ #*

13

14

15

16

17

18

19

20

21    *Insert ¶ #*

22

23

24

25

26

27

28

## V. <u>CAUSES OF ACTION</u>

### <u>FIRST CAUSE OF ACTION</u>

( Non-compliance with an EEOC order to provide back pay for age discrimination )

*insert title of cause of action*

**(As against Defendant(s):** ___Dougals A. Collins, Secretary,___

___US Dept of Veteran Affairs___ )

1. Back pay was ordered to be provided 60 days from the EEOC order

*Insert ¶ #*

dated 1/19/21, none at all was provided until April 2023.

2. Defendant did not use the means of determining back pain detailed

*Insert ¶ #*

in the EEOC order of 1/10/21. Instead they added a number of other qualifications

of their own choosing, among them full-time status and several others. This obvious

violation of the order resulted in reduced back pay.

3. Defendant didn't provide evidence regarding comparators demanded

*Insert ¶ #*

by EEOC in response to plaintiff's first appeal. This necessitated a second appeal

to EEOC 12-20-24. Defendant provided no new information or evidence.

## SECOND CAUSE OF ACTION

( Repeated violations of integrity of EEOC process prejudicial to Plaintiff )

*insert title of cause of action*

**(As against Defendant(s):** DOUGLAS A. COLLINS, Secretary

US Dept of Veteran Affairs )

<u>1</u>.    Inaction on back pay order for over year.

*Insert ¶ #*

<u>2</u>.    Neglect of demand for reports and adequate evidence from EEOC.

*Insert ¶ #*

There is no SF50 evidence ever provided in defendant responses.

<u>3</u>.    Deliberate manipulation of evidence to allow for reduced back pay.

*Insert ¶ #*

Mr Mondragon was the first person to whom Plaintiff was directed to

determine appropriate back pay. My own calculations, given these

comparators would amount to $469,575, though it appears this does not include 2020.

Defendant another "expert", Atourina Bouza, the same HR staff involved in the original

finding of age discrimination.



## VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

**1.** I request relief in back pay consistent with the original order on 1-19-21.

*Insert ¶ #*

The unpaid back pay through the end of 2019 is about $245,000.

**2.** Sanctions should be imposed on Defendant given that actions were taken to

*Insert ¶ #*

subvert to integrity of the EEOC process ina manner prejudicial to the plaintiff and delay

justice with substantial non-compliance to an AJ order

**3.** I request specific sanctions in terms of interest on the remaining unpaid

*Insert ¶ #*

$245,000 back to May 2021, about when the original back pay was overdue. Simple

interest of 4% annually would be $9800 x 4.5 years and therefore $44,100.

**4.** I view these demands for relief as conservative and generally consistent

*Insert ¶ #*

with the original order of 1/19/21. The AJ issued a summary judgement in this case which

reflects on the substance of my claim. I did not appeal the findings of that judgment not

found in my favor, reflecting on my respect for this process.    I would like a written

apology from defendant, addressed to Dr. Olson this time, rather than to Ms. Olson.

Dated: _____

Sign: _____

Print Name:  Bonnie Lee Olson, MD

# VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

1. I request relief in back pay consistent with the original order on 1-19-21.

*Insert ¶ #*

The unpaid back pay through the end of 2019 is about $245,000.

2. Sanctions should be imposed on Defendant given that actions were taken to

*Insert ¶ #*

subvert to integrity of the EEOC process ina manner prejudicial to the plaintiff and delay

justice with substantial non-compliance to an AJ order

3. I request specific sanctions in terms of interest on the remaining unpaid

*Insert ¶ #*

$245,000 back to May 2021, about when the original back pay was overdue. Simple

interest of 4% annually would be $9800 x 4.5 years and therefore $44,100.

4. I view these demands for relief as conservative and generally consistent

*Insert ¶ #*

with the original order of 1/19/21. The AJ issued a summary judgement in this case which

reflects on the substance of my claim. I did not appeal the findings of that judgment not

found in my favor, reflecting on my respect for this process.   I would like a written

apology from defendant, addressed to Dr. Olson this time, rather than to Ms. Olson.

Dated: _____

*Sign:* _____

*Print Name:*   Bonnie Lee Olson, MD

7

*Page Number*

⑧

EXHIBIT

A

9



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Bonnie L. Olson a/k/a
Adena J.,[1]
Petitioner,

v.

Douglas A. Collins,
Secretary,
Department of Veterans Affairs,
Agency.

Petition No. 2025002227

Appeal No.  2022001544

Agency No. 200P-0691-2015104335

<u>DECISION ON A PETITION FOR ENFORCEMENT</u>

Complainant petitioned the Equal Employment Opportunity Commission (EEOC or Commission) to enforce EEOC Appeal No. 2022001544, under 29 C.F.R. § 1614.503. This petition for enforcement was accepted and docketed by the Commission on April 1, 2025.

When considering a petition for enforcement, the Office of Federal Operations, on behalf of the Commission, will "ascertain whether the agency is implementing the decision of the Commission." 29 C.F.R. § 1614.503(b).

Based on our review of the petition, the Agency's submissions, and all relevant documentation in the record, we find that the Agency has implemented the final decision. Although the Agency's implementation may not have been perfect, it has been adequate or acceptable enough to constitute satisfactory compliance, such that the Office of Federal Operations will not undertake further efforts to obtain compliance. <u>See</u> 29 C.F.R. § 1614.503(b), (d).

---

[1] This case has been randomly assigned a pseudonym which will replace Petitioner's name when the decision is published to non-parties and the Commission's website.

3                                    2025002227

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was
received within five (5) calendar days after it was made available to the parties.** I
certify that on the date below this decision was provided to the following recipients via the
means identified for each recipient:

Bonnie L. Olson
11901 Sunset Blvd #207
LOS ANGELES, CA 90049
Via U.S. Mail

Steven E. Brown
910 Hampshire Rd., Suite G
WESTLAKE VLG, CA 91361
Via U.S. Mail

EEO Director
Department of Veterans Affairs
Via FedSEP

June 25, 2025
Date

Intake, Communication and Enforcement Division

EXHIBIT

B

(12)

# DEPARTMENT OF VETERANS AFFAIRS
## OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
### WASHINGTON, D.C. 20420

|  |  |
|---|---|
| Bonnie Olson | ) |
| *Complainant,* | ) |
| *v.* | ) |
| Secretary, | ) |
| Department of Veterans Affairs | ) |
| *Agency.* | ) |

VA Case Nos. 200P-0691-2015104335[1]
200P-0691-2016105330[2]

EEOC Case Nos. 480-2021-00054X
480-2021-00055X

## **FINAL ORDER**

### INTRODUCTION

In formal EEO complaints filed August 21, 2015 and October 21, 2016, the Complainant alleged that officials at the West Los Angeles VA Medical Center in Los Angeles, California, engaged in unlawful discrimination against her as referenced below. The Department's Office of Resolution Management, Diversity Inclusion (ORMDI) accepted the complaints in their entirety and conducted an appropriate investigation.

At the conclusion of the investigations of Complaints A and B, the Department notified the Complainant in writing of the right to request either a hearing and decision by an EEOC administrative judge, with a subsequent final action by the Department, or an immediate final decision by the Department without a hearing. The Complainant asked for a hearing on both Complaints A and B. These complaints were docketed as Hearing No. 480-2021-00054X (Complaint A) and Hearing No. 480-2021-00055X (Complaint B).

On October 22, 2020, the EEOC administrative judge granted summary judgement in favor of the Agency on all claims in Complaints A and B with the exception of

---

[1] Hereinafter Agency Complaint No. 200P-0691-2015104335 filed on August 21, 2015 will be referred to as Complaint A. The Report of Investigation for this complaint will be referred to as ROI A.
[2] Hereinafter Agency Complaint No. 200P-0691-2016105330 filed on October 21, 2016 will be referred to as Complaint B. The Report of Investigation for this complaint will be referred to as ROI B.

Complainant's claim of pay discrimination, which was a claim raised in Complaint A.[3] On January 4, 2021, the EEOC administrative judge granted summary judgment in favor of the Complainant with respect to her claim that she received less pay than her younger colleagues.[4]

The Office of Employment Discrimination Complaint Adjudication (OEDCA) received AJD2 on January 5, 2021. In AJD2, the EEOC administrative judge referenced AJD1, wherein he granted summary judgement for the Agency on all of Complainant's claims with the exception of her pay discrimination claim. The EEOC administrative judge found that the Agency violated the Age Discrimination in Employment Act (ADEA) when she was paid less than younger colleagues.

## ORDER

Based on its review of the entire record, the Office of Employment Discrimination Complaint Adjudication (OEDCA) finds that the EEOC administrative judge's decision is supported by substantial[5] evidence. We also find that the EEOC administrative judge correctly decided that the Complainant is entitled back pay, but that under the ADEA, she is not entitled to an award of attorney's fees and/or compensatory damages. We therefore accept the EEOC administrative judge's decision in its entirety and hereby ORDER the Department to fully implement it. The relief and corrective action, as described in the decision, as well as any additional relief or other action required by this ORDER, are set forth in the Remedial Relief section that follows.

### REMEDIAL RELIEF

In view of the above finding of discrimination, we order the following relief and corrective action.

### 1. EQUITABLE RELIEF

As a result of the finding of discrimination, Complainant is entitled to full, make-whole relief pursuant to 29 C.F.R. Section 1614.501(a). To make Complainant whole, the agency must restore him "to a position where he would have been were it not for the unlawful

---

[3] Hereinafter the Administrative Judge's decision dated October 22, 2020 will be referred to as AJD1.

[4] Hereinafter the Administrative Judge's decision on January 4, 2021 will be referred to as AJD2.

[5] "Substantial evidence" is the most deferential standard of appellate review. It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. of New York, Inc. v. NLRB*, 305 U.S. 197, 229 (1938). The substantial evidence standard does not allow a court "to reverse the choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it *de novo*." *NLRB v. Walton Mfg. Co.*, 369 U.S. 404, 405 (1962) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). A finding of discriminatory intent is a factual finding subject to the substantial evidence review standard. *Pullman Standard Co. v. Swint*, 456 U.S. 273, 293 (1982). The Commission defers to an administrative judge's post-hearing factual findings based on evidence in the record. EEO Management Directive MD 110 at 9-15 to 9-16.



discrimination." <u>Franks v. Bowman Transportation Co.</u>, 424 U.S. 747 (1976); <u>Albermarle
Paper Co. v. Moody</u>, 422 U.S. 405, 418 (1975).

Therefore, pursuant to 29 C.F.R. Section 1614.501(c)(5), the Agency shall immediately
pay Complainant back pay for the difference between her pay and that of her highest
paid comparatives retroactive to August 21, 2013 (two years prior to filing the complaint).
Comparatives include any substantially younger psychiatrist[6] (five years younger or more)
employed the West Los Angeles VA Medical Center, who was paid a higher market pay
salary than Complainant from August 21, 2013 to the date of this decision.. When
determining Complainant's back pay, Complainant must be considered in Tier 1 of the
pay schedule with all applicable authorized exceptions (e.g. Blanket Tier Exception for
Psychiatrists, dated May 24, 2016) and should not be awarded interest on the back pay
award.[7]  *Where applicable,* back pay specifically includes retroactive tax-deferred
contributions to Complainant's TSP account and any earnings which would have accrued
during the relevant period.

After the Agency has calculated and paid Complainant's back pay award, Complainant
shall have 60 days following the end of the tax year in which the final payment is received
to calculate the adverse tax consequences of any lump sum back pay awards, if any, and
notify the Agency. Following receipt of Complainant's calculations, the Agency shall have
60 days to pay Complainant for any adverse tax consequences established, with a written
explanation for any amount claimed but not paid.

Complainant shall be required to assist management in this regard by providing any
information reasonably requested by management, as necessary to implement the relief
ordered herein.

Pursuant to 29 C.F.R. Section 1614.501(a)(5), the Agency will commit to Complainant in
writing that it will cease from engaging in the unlawful employment practice found in this
case, namely, age discrimination, that it will not engage in similar unlawful employment
practices, that it will provide Complainant a work place free from hostility, offensive
conduct or abuse, and that no reprisal will be taken against Complainant for filing and
pursuing this or any other complaint under federal EEO law.

Within 60 days of the date of our final order,[8] management will implement the remedial
relief ordered in the foregoing paragraphs and shall advise Complainant in writing of: (1)
the amount of back pay and other attendant benefits due her; and (2) how management

---

[6] Dr. Taheri-Tafreshi is excluded from the pool of comparatives because the Agency provided a non-
discriminatory reason for this individual's higher pay. Dr. Taheri-Tafreshi was paid a higher market pay
based on an outside offer. (AJD2, pp. 9, 13.)
[7] Interest is not available on ADEA back pay awards. See AJD2, p. 13; <u>Wes S. v. Department of Veterans
Affairs</u>, EEOC Appeal No. 2020002082 (2020).
[8] The Administrative Judge ordered the implementation of remedial relief within "60 days of the date this
decision is issued." OEDCA interprets this phrase to mean the date of OEDCA's final order, which is the
final action on the case, as per EEOC regulations. See EEOC regulations 29 C.F.R. §§ 1614. 109 and
110, which provide that decisions by EEOC administrative judges become final actions only after the agency
issues a final order implementing the decision, or in the absence of the issuance of a final order, 40 days
after receipt by the Agency of the administrative judge's decision.

3

15

reached its determinations regarding these matters.   Management shall provide Complainant and her representatives with this written determination.

## 2. OTHER CORRECTIVE ACTION

In addition to making Complainant whole, a remedy must be tailored to correct the particular source of the identified discrimination and to minimize the chance of its recurrence.  Therefore, pursuant to 29 C.F.R. Section 1614.501(a)(2), the Agency will take whatever corrective, curative, and preventive actions and will adopt whatever measures are necessary to ensure that violations of federal EEO law similar to those found in this case do not recur.

### EEO Training

The facility shall identify any current employees who served on pay panels involving the Complainant's market pay from August 21, 2013 to the date of this final order.   Once identified, these employees shall receive eight  hours of in-person or interactive trainer-to-trainee video conference training on the prohibitions against age discrimination.

The training shall be mandatory, conducted by an Office of Resolution Management, Diversity Inclusion (ORMDI) subject matter expert, and completed within 90 days of the date of this final order. If an ORMDI trainer is unavailable, ORMDI will provide the training content, and the trainer identified by the facility must be certified by ORMDI as an EEO subject matter expert.

### Disciplinary Action

The Agency must consider taking appropriate disciplinary action against the individuals responsible for the discrimination in this case as identified above.

ORMDI will provide follow-up with agency officials responsible for taking disciplinary action in this case.  The follow-up will include direction on the timeline for making disciplinary determinations and how they must be documented.  In the event that no disciplinary action is taken, management must provide ORMDI with a written explanation for this decision. ORMDI must report the Agency's decision to the Commission and specify what, if any, action was taken.  If the Agency decides not to take disciplinary action, then ORMDI shall set forth the reasons for the Agency's decision not to impose discipline.

**Training is _not_ considered disciplinary action.**

### Notice Posting

The Agency is ORDERED to post at the West Los Angeles VA Medical Center, Los Angeles, California copies of the attached Notice to Employees (Notice) regarding

4



unlawful discrimination in violation of the Age Discrimination in Employment Act.    The Agency shall post copies of the Notice, both in hard copy and electronic format, after being signed by the Director of the above named facility within 30 calendar days of receipt of this Order.

The Notice shall remain posted for 60 consecutive days in conspicuous places, including the facility intranet website and those places where notices to employees are customarily posted.  The Agency shall take reasonable steps to ensure that copies of the Notice are not altered, defaced, or covered by any other material.

### RIGHT OF APPEAL

Within 30 days of receipt of this final action, the complainant has the right to appeal it to: **Equal Employment Opportunity Commission, Office of Federal Operations (OFO)**, P.O. Box 77960, Washington, D.C. 20013.  If an appeal is filed, EEOC Form 573 should be used.  A copy of EEOC Form 573 is attached.  **Due to COVID-19 related restrictions, OFO currently does not have access to mail.  If desired, complainant should file an electronic appeal at** https://publicportal.eeoc.gov/Portal/Login.aspx

A copy of the appeal to the EEOC **must** also be sent to the VA's Office of the General Counsel at the following address:  **Department of Veterans Affairs, Office of the General Counsel (024), 810 Vermont Ave., N.W., Washington, D.C. 20420**.

Statements or briefs in support of the appeal **must** be submitted to the EEOC within 30 calendar days of the filing of the appeal.  <u>A copy of any such statement or brief, including any statements made on EEOC's "Appellant Docketing Statement", must also be sent to the VA's Office of the General Counsel at the above address.</u>

If an appeal is filed with the EEOC, the appeal, and any subsequently filed statement or brief, **must** contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of the General Counsel.

If the complainant files an appeal with the Commission beyond the above-noted time limit, the complainant should provide the Commission with an explanation as to why the appeal should be accepted despite its untimeliness.  If the complainant cannot explain why timeliness should be excused, the Commission may dismiss the appeal as untimely.

### RIGHT TO FILE A CIVIL ACTION

The complainant also has the right to file a civil action in an appropriate United States District Court.  The complainant may file a civil action

within 90 days of receipt of this final action <u>if no appeal to EEOC has been filed</u>; or

within 90 days after receipt of the EEOC's final decision on appeal; or

(17)

after 180 days from the date of filing an appeal with the EEOC if there has been
no final decision by the Commission.

The complainant must name the official head of the Department of Veterans Affairs,
**Robert L. Wilkie**, as the defendant.  The complainant may not name just the
Department. The complainant must also state the official title of the Department head,
which is the **Secretary of Veterans Affairs**. Failure to provide the name or official title
of the head of the Department may result in dismissal of the case.  **Please consult your
District Court's website for procedures to file a civil action and any COVID-19
related changes in procedures.**

If the complainant decides to file a civil action under Title VII (discrimination due to race,
color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as
amended, (discrimination due to disability), and if the complainant does not have or
cannot afford the services of an attorney, the complainant may request that the Court
appoint an attorney to represent the complainant and that the Court permit the
complainant to file the action without payment of fees, costs, or other security.  **The grant
or denial of the request is within the sole discretion of the Court**.  Filing a request
for an attorney does not extend the time in which to file a civil action.  Both the request
and the civil action <u>MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS</u> of the date
the complainant receives the final action or final decision from the Department or the
Commission.

# Maxanne R Witkin 130554

Digitally signed by Maxanne R
Witkin 130554
Date: 2021.01.19 12:43:27 -05'00'

_____       _____
MAXANNE R. WITKIN                                                     Date
Director, Office of
Employment Discrimination
Complaint Adjudication

Attachment:  EEOC Form 573

6

(18)

EXHIBIT

C

19



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Bonnie L. Olson, a/k/a
Adena J.,[1]
Complainant,

v.

Denis R. McDonough,
Secretary,
Department of Veterans Affairs,
Agency.

Appeal No. 2022001544

Hearing Nos. 480-2021-00054X and 480-2021-00055X

Agency Nos. 200P-0691-2015104335 and 200P-0691-2016105330

<u>DECISION</u>

Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), concerning an equal employment opportunity (EEO) complaint claiming employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

<u>BACKGROUND</u>

During the period at issue, Complainant worked as a Staff Physician, GS-15, at the Agency's West Los Angeles VA Medical Center in Los Angeles, California.

On August 21, 2015, and October 21, 2016, Complainant filed two formal EEO complaints. In Complaint A, (Agency No. 200P-0691-2015104335; Hearing No. 480-2021-00054X), Complainant alleged that she was discriminated against and subjected to harassment based on her age when:

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                                   2022001544

1. on April 29, 2015, Complainant learned that the Chief of Psychiatry planned to reassign her to another office, without her knowledge;

2. Complainant was paid less than younger colleagues, which Complainant learned of on May 29, 2015; and

3. on July 22, 2015, Complainant attended a staff meeting where a retirement presentation was given.

In Complaint B, (Agency No. 200P-0691-2016105330; Hearing No. 480-2021-00055X), Complainant alleged that she was discriminated against and subjected to harassment based on age and in reprisal for prior protected EEO activity when:

1. on August 12, 2016, Complainant was assigned additional workload duties;

2. on August 19, 2016, Complainant was issued a written counseling;

3. since December 2016, and ongoing, the Chief of Psychiatry refused to communicate with Complainant on the issue of who was Complainant's supervisor;

4. from on or about September to December 2016, the Chief of Psychiatry transmitted a weekly newsletter to selected staff members, but not to Complainant; and

5. on March 23, 2017, based on statements by the Chief of Psychiatry, there was staff confusion which resulted in Complainant having to refuse to accept a pager; and

Additionally, Complainant alleged that she was discriminated against and subjected to harassment based on age, disability, and in reprisal for prior protected EEO activity when:

6. on March 27, 2017, the Chief of Psychiatry required that Complainant submit a doctor's note for a two-day absence; and

7. from April 5, 2017 onward, Complainant had not been provided a reasonable accommodation.

After an Agency investigation, Complainant timely requested a hearing for both complaints before an EEOC Administrative Judge (AJ). Thereafter, the assigned AJ consolidated both complaints. On October 22, 2022, the AJ issued an order granting summary judgement in favor of the Agency for claims A1, A3, and B1 – B7. Regarding claim A2, the AJ indicated in the order an intent to issue a decision in favor of Complainant and provided the parties the opportunity to issue a response.

㉑

3                                                                    2022001544

Following responses from Complainant and the Agency, the AJ issued a decision on January 4, 2021, determining that the Agency failed to develop an impartial and appropriate factual record, and the AJ determined that the grave deficiencies had a significant prejudicial effect on Complainant which warranted a sanction. Specifically, the AJ indicated that the record failed to include the following documents: copies of SF-50s of the comparators employees to identify ages and pay differentials, pay panel documentation for the relevant period for pay differentials and potential explanations for differentials, and individualized explanations for comparative employees' higher pay. The AJ determined that the Agency could not provide a specific, clear, and individualized explanation as to why Complainant was paid less than younger colleagues, which Complainant learned of on May 29, 2015.   The AJ further concluded that summary judgment in favor of Complainant on the pay claim (Claim A2) was appropriate as Complainant had established a *prima facie* case of disparate treatment based on age, and the Agency failed to provide a sufficient explanation for why Complainant was paid less than younger colleagues.

For remedial relief, the AJ ordered the Agency to provide back pay, as well as to explain in writing how it reached its back pay determination.   The AJ further ordered that the Agency provide training and consider disciplinary action for the responsible management officials. Finally, the AJ ordered the Agency to post a notice of discrimination.

On January 19, 2021, the Agency issued a final order fully implementing the AJ's decision including the awards for remedial relief.[2]  The Agency's January 19, 2021, final Order stated the following:

- **Back Pay:** Within sixty (60) days of the date of the final order, the Agency shall immediately pay Complainant back pay for the difference between her pay and that of her highest paid comparatives retroactive to August 21, 2013 (two year prior to filing the complaint).  Comparatives include any substantially younger psychiatrist (five years younger or more) employed by the West Los Angeles VA Medical Center, who was paid a higher market pay salary than Complainant from August 21, 2013 to the date of this decision.

  - When determining Complainant's back pay, Complainant must be considered in Tier 1 of the pay schedule with all applicable authorized exceptions (e.g. Blanket Tier Exception for Psychiatrists, dated May 24, 2016) and should not be awarded interest on the back pay award.  Where applicable, back pay specifically includes retroactive tax-deferred contributions to Complainant's Thrift Savings Plan account and any earnings which would have accrued during the relevant period.

---

[2] The record reflects that on February 3, 2021, the Agency filed an appeal with the Commission objecting to the AJ's January 4, 2021 decision. On appeal, the Commission dismissed the appeal because the Agency had already issued a January 19, 2021 order indicating that it would fully implement the AJ's decision.  See EEOC Appeal No. 2021003081 (May 25, 2021).

22

4

2022001544

○ After the Agency has calculated and paid Complainants' back pay award, Complainant shall have sixty (60) days following the end of the tax year in which the final payment is received to calculate the adverse tax consequences of any lump sum back pay awards, if any, and notify the Agency. Following receipt of Complainant's calculations, the Agency shall have sixty (60) days to pay Complainant for any adverse tax consequences established, with a written explanation for any amount claimed but not paid.

○ Complainant shall be required to assist management in this regard by providing any information reasonably requested by management, as necessary to implement the relief ordered herein.

- **Written Notification:** Within sixty (60) days of the date of the final order, management shall advise Complainant in writing of (1) the amount of back pay and other attendant benefits due to her, and (2) how management reached its determinations regarding these matters. Management shall provide Complainant and her representatives with this written determination.

- **EEO Training:** Within ninety (90) days of the date of the final order, the Agency shall identify any current employees who served on pay panels involving Complainant's market pay from August 21, 2013 to the date of this final order, and provided eight hours of in-person or interactive trainer-to-trainee video conference training on the prohibitions against age discrimination.

○ The training shall be mandatory, conducted by an Office of Resolution Management Diversity Inclusion (ORMDI) subject matter expert. If an ORMDI trainer is unavailable, ORMDI will provide the training content, and the trainer identified by the facility must be certified by ORMDI as an EEO subject matter expert.

- **Disciplinary Action:** The Agency must consider taking appropriate disciplinary action against the individuals responsible for the discrimination in this case as identified above.

○ ORMDI will provide follow-up with Agency officials responsible or taking disciplinary action in this case. The follow-up will include direction on the timeline for making disciplinary determinations and how they must be documented. In the event that no disciplinary action is taken, management must provide ORMDI with a written explanation for this decision. ORMDI must report the Agency's decision to the Commission and specify what, if any, action was taken. If the Agency decides not to take disciplinary action, then ORMDI shall set forth the reasons for the

(23)

5                                                      2022001544

Agency's decision not to impose discipline.  Training is not considered disciplinary action.

- **Notice Posting:** The Agency is ordered to post at the West Los Angeles VA Medical Center, Los Angeles, California copies of the attached Notice to Employees (Notice) regarding unlawful discrimination in violation of the Age Discrimination in Employment Act.  The Agency shall post copies of the Notice, both in hard copy and electronic format, after being signed by the Director of the above-named facility within thirty (30) calendar days of receipt of this Order.

The instant appeal followed. On appeal, Complainant argues, through counsel, that the Agency has not fully complied with all terms of its January 19, 2021 final order.  Specifically, Complainant asserts that the Agency has failed to pay her any of the awarded damages (including back pay).  Complainant further asserts that the Agency has failed to provide adequate documentation to support its various back pay figures, despite Complainant's numerous requests for this information.

## ANALYSIS AND FINDINGS

The Commission's regulations provide that a final action that has not been the subject of an appeal or civil action shall be binding on the Agency. 29 C.F.R. § 1614.504(a).  If Complainant believes that the Agency has failed to comply with the terms of a decision, she shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when Complainant knew or should have known of the alleged noncompliance.  29 C.F.R. § 1614.504(b).  The agency shall resolve the matter and respond to the complainant, in writing. Id. If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination as to whether the agency has complied with the terms of the settlement agreement or decision.  Id.  The complainant may file such an appeal 35 days after he or she has served the agency with the allegations of noncompliance but must file an appeal within 30 days of his or her receipt of an agency's determination. Id.  If the Commission determines that the Agency is not in compliance with its decision, and the noncompliance is not attributable to acts or conduct of Complainant, it may order such compliance with the decision. 29 C.F.R. § 1614.504(c).

As the record indicates, Complainant had informed the Agency of its non-compliance on several occasions. The Agency attempted to address Complainant's concerns. The record, however, reflects that Complainant was not satisfied with the Agency's attempt to resolve the matter. Therefore, we find that the matter is properly before us pursuant to 29 C.F.R. § 1614.504(b). The issue to be addressed in this appeal relates solely to the back pay award in the Agency's final order and not the other remedial matters.

The record indicates that the Agency provided Complainant four different determinations on the back pay amount she would be awarded. On April 15, 2021, and again on April 19, 2021, the Agency determined that Complainant's back pay amount would be $224,910.00.

5                                                            (24)

6                                        2022001544

However, another Agency employee determined on June 22, 2021, that Complainant's back pay amount should be $386,016. Thereafter, the Agency determined that the June 22, 2021 back pay assessment was incorrect because this assessment failed to account for the appropriate comparator, tier, or age. Additionally, the Agency determined that the individual conducting this assessment was not a subject matter expert and failed to consult with the Agency's subject matter expert in market pay compensation.

On August 6, 2021, the Agency informed Complainant she was entitled to $218,040 in back pay. However, the Agency revised this amount again on December 21, 2021, and determined that Complainant was entitled to back pay amounting to $228,076.92, and the Agency submitted a pay request for this amount to the Defense Finance and Accounting Service (DFAS), the entity responsible for issuing payment, on February 2, 2022.

In its appellate brief, the Agency asserts that DFAS has thirty business day to begin processing the payment request and an additional thirty to sixty days from the commencement of processing to issue payment to Complainant. In other words, the Agency asserts that it was responsible for providing the documentation supporting the payment amount to DFAS, and DFAS is responsible for processing and issuing the payment. In particular, the Agency explains that it had to generate eighteen SF-50s of the applicable comparator employees to capture the market rate increases from August 2013 through January 2, 2022, to "ensure all market pay back pay due to Complainant is captured."

Although the Agency states that it submitted the SF-50s to DFAS, there is no indication in the record that the Agency provided Complainant these copies, so that Complainant could make her own comparisons and determine the accuracy of the Agency's various back pay computations amounts ($224,910.00, $386,016, $218,040, and $228,076.92). Complainant indicates on appeal that the June 2021 back pay assessment included comparators who were excluded from the other assessments without explanation. Complainant explains that these excluded comparators had very different market pay amounts which minimized the total pay loss the Agency was required to issue her. Notably, the lack of documentation in the instant appeal is a recurring issue as the AJ determined in his January 4, 2021 decision that despite requests from the EEO Investigator and Complainant, the Agency failed to provide copies of SF-50s of the comparators employees to identify ages and pay differentials.

Additionally, Complainant asserts on appeal that there are inconsistencies in the record as to the date each market pay assessment was conducted. For instance, the record contains a December 2, 2021 email from the Agency's Office of General Counsel explaining that the office was working with human resources to provide Complainant "the market pay review documents for each of the comparator employees listed." The email further explains that the pay review documents would allow Complainant to see:

> exact dates that each pay assessment was conducted. ... The pay determination
> and analysis [Complainant was] provided was based on a review of each market

6

25

7                                                    2022001544

pay review conducted over the relevant period for comparator physicians who were 5 years or more younger than [Complainant].

However, Complainant asserts on appeal that she never received this documentation from the Agency, and consequently, was never able to verify the dates the market pay reviews were conducted, and ultimately, was not able to verify the amount of back pay she is entitled.

We acknowledge that Complainant's back pay payment is currently pending with DFAS, an entity which the Agency has no control. However, the record supports that the Agency has not complied with its own order regarding providing Complainant clear, written documentation as to how it reached its back pay determinations. What explanations the Agency did provide were insufficient because these explanations are contradictory and fail to clearly explain the inconsistencies with the various back pay determinations. Now that the Commission has explicitly instructed the Agency to provide Complainant documentation (copies of the comparator's SF-50s and market pay rate reviews), the Agency is forewarned that if it is found not to be in compliance with this decision, enhanced efforts may be taken to obtain compliance. 29 C.F.R. § 1614.503(b).

## CONCLUSION

Based on a thorough review of the record and the contentions on appeal, we find that the Agency is not in full compliance with the terms of its January 19, 2021 Order and we REMAND the matter in accordance with the ORDER below.

## ORDER

Within ninety (90) calendar days of the date this decision is issued, the Agency is ordered, to the extent that it has not already done so, to complete the following actions in full compliance with its January 19, 2021 Order and the guidance provided by this appellate decision:

1.  The Agency shall award Complainant back pay for the difference between her pay and that of her highest paid comparatives retroactive to August 21, 2013 (two year prior to filing the complaint). Comparatives include any substantially younger psychiatrist (five years younger or more) employed by the West Los Angeles VA Medical Center, who was paid a higher market pay salary than Complainant from August 21, 2013 to the date of the Agency's final order.

    a.  When determining Complainant's back pay, Complainant must be considered in Tier 1 of the pay schedule with all applicable authorized exceptions (e.g. Blanket Tier Exception for Psychiatrists, dated May 24, 2016) and should not be awarded interest on the back pay award. Where applicable, back pay specifically includes retroactive tax-deferred contributions to Complainant's Thrift Savings Plan account and any earnings which would have accrued during the relevant period.

26

8                                                                2022001544

b. After the Agency has calculated and paid Complainants' back pay award, Complainant shall have sixty (60) days following the end of the tax year in which the final payment is received to calculate the adverse tax consequences of any lump sum back pay awards, if any, and notify the Agency. Following receipt of Complainant's calculations, the Agency shall have sixty (60) days to pay Complainant for any adverse tax consequences establishes, with a written explanation for any amount claimed but not paid.

c. Complainant shall be required to assist management in this regard by providing any information reasonably requested by management, as necessary to implement the relief ordered herein.

2. The Agency shall advise Complainant in writing of: (1) the amount of back pay and other attendant benefits due to her, and (2) how management reached its determinations regarding these matters, including but not limited to, providing copies of SF-50s of all comparators as well as copies of the market pay reviews for each comparator, and all documentation submitted to DFAS to process Complainant's back pay.

## ATTORNEY'S FEES (H0610)

If Complainant has been represented by an attorney (as defined by 29 C.F.R. § 1614.501(e)(1)(iii)), he/she is entitled to an award of reasonable attorney's fees incurred in the processing of the complaint. 29 C.F.R. § 1614.501(e). The award of attorney's fees shall be paid by the Agency. The attorney shall submit a verified statement of fees to the Agency -- **not** to the Equal Employment Opportunity Commission, Office of Federal Operations -- within thirty (30) calendar days of this decision becoming final. The Agency shall then process the claim for attorney's fees in accordance with 29 C.F.R. § 1614.501.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0719)

Under 29 C.F.R. § 1614.405(c) and §1614.502, compliance with the Commission's corrective action is mandatory. Within seven (7) calendar days of the completion of each ordered corrective action, the Agency shall submit via the Federal Sector EEO Portal (FedSEP) supporting documents in the digital format required by the Commission, referencing the compliance docket number under which compliance was being monitored. Once all compliance is complete, the Agency shall submit via FedSEP a final compliance report in the digital format required by the Commission. See 29 C.F.R. § 1614.403(g). The Agency's final report must contain supporting documentation when previously not uploaded, and the Agency must send a copy of all submissions to the Complainant and his/her representative.

If the Agency does not comply with the Commission's order, the Complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The Complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g).

27

9                                                                          2022001544

Alternatively, the Complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File a Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). **If the Complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated.** See 29 C.F.R. § 1614.409.

Failure by an agency to either file a compliance report or implement any of the orders set forth in this decision, without good cause shown, may result in the referral of this matter to the Office of Special Counsel pursuant to 29 C.F.R. § 1614.503(f) for enforcement by that agency.

<u>STATEMENT OF RIGHTS - ON APPEAL</u>

<u>RECONSIDERATION</u> (M0920)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration.** A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; <u>Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614</u> (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit his or her request for reconsideration, and any statement or brief in support of his or her request, via the EEOC Public Portal, which can be found at <u>https://publicportal.eeoc.gov/Portal/Login.aspx</u>

Alternatively, Complainant can submit his or her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g).

28

10                                                              2022001544

Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. <u>See</u> 29 C.F.R. § 1614.604(c)**.**

<u>COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION</u> (T0610)

This decision affirms the Agency's final decision/action in part, but it also requires the Agency to continue its administrative processing of a portion of your complaint. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision on both that portion of your complaint which the Commission has affirmed and that portion of the complaint which has been remanded for continued administrative processing. In the alternative, you may file a civil action **after one hundred and eighty (180) calendar days** of the date you filed your complaint with the Agency, or your appeal with the Commission, until such time as the Agency issues its final decision on your complaint. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

<u>RIGHT TO REQUEST COUNSEL</u> (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.



11                                   2022001544

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations


October 30, 2023
Date

EXHIBIT

D

31

Standard Form 50
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296–33, Subch. 4

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | | | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|---|---|
| | | | | 04/█/1970 | 12/10/2017 |

### FIRST ACTION

| 5–A. Code | 5–B. Nature of Action |
|---|---|
| 170 | EXC APPT |
| 5–C. Code | 5–D. Legal Authority |
| V8V | 38 USC 7401(1) |
| 5–E. Code | 5–F. Legal Authority |
| | |

### SECOND ACTION

| 6–A. Code | 6–B. Nature of Action |
|---|---|
| | |
| 6–C. Code | 6–D. Legal Authority |
| | |
| 6–E. Code | 6–F. Legal Authority |
| | |

**7. FROM: Position Title and Number**

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis |
|---|---|---|---|---|---|

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay |
|---|---|---|---|

**14. Name and Location of Position's Organization**

**15. TO: Position Title and Number**
PHYSICIAN (REGULAR FT)
PD: 073910
POSITION: 91107834

| 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|
| VM | 0602 | PHYS | 01 | $245,000.00 | PA |

| 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|
| $101,967.00 | $143,033.00 | $245,000.00 | $0 |

**22. Name and Location of Position's Organization**
VETERANS HEALTH ADMINISTRATION
MENTAL HEALTH CARE
W/LOS ANGELES CA USA

## EMPLOYEE DATA

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1  1 = None  2 = 5–Point  3 = 10–Point/Disability  4 = 10–Point/Compensable  5 = 10–Point/Other  6 = 10–Point/Compensable/30% | 2  0 = None  1 = Permanent  2 = Conditional  3 = Indefinite | | YES  X  NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| C0  BASIC ONLY | 9  NOT APPLICABLE | 0  REGULAR RATE |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part–Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| KF  FERS FRAE AND FICA (FULL) | 12/10/2017 | F  FULL TIME | |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 2  1 = Competitive Service  2 = Excepted Service  3 = SES General  4 = SES Career Reserved | E  E = Exempt  N = Nonexempt | 8203-2122 | 1276 |

| 38. Duty Station Code | 39. Duty Station (City – County – State or Overseas Location) |
|---|---|
| 06-1980-037 | W/LOS ANGELES   CA |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| 691 | | | | |

**45. Remarks**
ELIGIBLE FOR HEALTH AND LIFE ISSURANCE.
DIRECT HIRE, DATED: 11/16/2017.
P & D MARKET PAY IS AUTHORIZED UNDER P. L. 108-445 AND IS BASE PAY FOR RETIREMENT, LIFE INSURANCE, AND OTHER BENEFITS RELATED TO BASIC PAY.
BOARD ACTION APPROVED *
COMPENSATION PANEL A  PPROVED PENDING DIRECTOR'S SIGNATURE.
SUBJECT TO COMPLETION OF 2 YEAR PROBATIONARY PERIOD COMMENCING *12102019
CONTINUED EMPLOYMENT IN THIS POSITION IS CONDITIONED UPON FAVORABLE ADJUDICATION OF APPLICABLE BACKGROUND INVESTIGATION OR NATIONAL AGENCY CHECK WITH WRITTEN INQUIRIES (NACI).
ENTITLED TO ANNUAL LEAVE.
FROZEN SERVICE: NONE.
CREDITABLE MILITARY SERVICE: NONE
PREVIOUS RETIREMENT COVERAGE: NEVER COVERED.
EMPLOYEE IS AUTOMATICALLY COVERED UNDER FERS

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| DEPARTMENT OF VETERANS AFFAIRS | ELECTRONICALLY SIGNED BY: |
| **47. Agency Code**  VATA | **48. Personnel Office ID**  1625 | **49. Approval Date**  12/10/2017 | MICHAEL PAYNE |
| | | | HUMAN RESOURCES OFFICER |

5–Part 50–316

2 - OPF Copy - Long-Term Record - DO NOT DESTROY

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540–01–333–6238

(32)

Standard Form 50
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | | 2. Social Security Number | 3. Date of Birth 8/ /1966 | 4. Effective Date 11/2/2014 |
|---|---|---|---|---|
| **FIRST ACTION** | | **SECOND ACTION** | | |

| 5-A. Code 170 | 5-B. Nature of Action EXCEPTED APPOINTMENT | 6-A. Code | 6-B. Nature of Action |
|---|---|---|---|
| 5-C. Code V8V | 5-D. Legal Authority 38 U.S.C. 7405(A)(1) | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number PHYSICIAN 037620 |
|---|---|

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis |
|---|---|---|---|---|---|
| | | | | | |

| 16. Pay Plan AD | 17. Occ. Code 0602 | 18. Grade or Level PHYS | 19. Step or Rate 01 | 20. Salary/Award $230,000 | 21. Pay Basis PA |
|---|---|---|---|---|---|

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay |
|---|---|---|---|
| | | | |

| 20A. Basic Pay $98,967 | 20B. Locality Adj. $131,033 | 20C. Adj. Basic Pay $230,000 | 20D. Other Pay $0 |
|---|---|---|---|

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization VA GREATER LA HCS MENTAL HEALTH CARE W/LOS ANGELES CA |
|---|---|

### EMPLOYEE DATA

| 23. Veterans Preference 1 | 1 = None  2 = 5-Point  3 = 10-Point/Disability  4 = 10-Point/Compensable  5 = 10-Point/Other  6 = 10-Point/Compensable/30% | 24. Tenure 1 | 0 = None  1 = Permanent  2 = Conditional  3 = Indefinite | 25. Agency Use | 26. Veterans Preference for RIF   YES   X   NO |
|---|---|---|---|---|---|

| 27. FEGLI C0 BASIC LIFE ONLY | 28. Annuitant Indicator 9 NOT APPLICABLE | 29. Pay Rate Determinant 0 REGULAR RATE |
|---|---|---|

| 30. Retirement Plan KF FERS FRAE & FICA | 31. Service Comp. Date (Leave) 11/2/2014 | 32. Work Schedule P PART-TIME | 33. Part-Time Hours Per 40 Biweekly Pay Period |
|---|---|---|---|

### POSITION DATA

| 34. Position Occupied 2 | 1 = Competitive Service  2 = Excepted Service  3 = SES General  4 = SES Career Reserved | 35. FLSA Category E | E = Exempt  N = Nonexempt | 36. Appropriation Code 8203.2122 | 37. Bargaining Unit Status 1276 |
|---|---|---|---|---|---|

| 38. Duty Station Code 06-1980-037 | 39. Duty Station (City - County - State or Overseas Location) W/LOS ANGELES CA |
|---|---|

| 40. Agency Data 691 | 41. | 42. | 43. | 44. |
|---|---|---|---|---|

45. Remarks
ASSIGNMENT: PSYCHIATRY
APPOINTMENT AFFIDAVIT EXECUTED 11-03-2014.
SELECTED FROM VIN #: 14-1124966-MCY DATED: 6/11/2014
COMPENSATION PANEL APPROVED ON 8/15/2014
AMOUNT IN ITEM 20 INCLUDES P&D MARKET PAY.
AMOUNT IN ITEM 20C INCLUDES P&D MARKET PAY OF $131,033.
P & D MARKET PAY IS AUTHORIZED UNDER P. L. 108-445 AND IS BASE PAY FOR RETIREMENT, LIFE INSURANCE, AND
OTHER BENEFITS RELATED TO BASIC PAY.
TOTAL PAY DETERMINED BY P&D PAY TABLE 1
SUBJECT TO COMPLETION OF 2 YEAR PROBATIONARY PERIOD COMMENCING: 11/02/2014.
CONTINUED EMPLOYMENT IN THIS POSITION IS CONDITIONED UPON FAVORABLE ADJUDICATION OF APPLICABLE BACKGROUND
INVESTIGATION OR NATIONAL AGENCY CHECK WITH WRITTEN INQUIRIES (NACI)
FROZEN SERVICE: NONE.
CREDITABLE MILITARY SERVICE: NONE.
PREVIOUS RETIREMENT COVERAGE: NEVER COVERED.
*** REMARKS CONTINUED ON THE NEXT PAGE ***

| 46. Employing Department or Agency DEPARTMENT OF VETERANS AFFAIRS | | | 50. Signature/Authentication and Title of Approving Official BRENDA CABUNOC |
|---|---|---|---|
| 47. Agency Code VA TA | 48. Personnel Office ID 1625 | 49. Approval Date 11/2/2014 | HUMAN RESOURCES OFFICER ELECTRONICALLY SIGNED |

5-Part 50-316

2 - OPF Copy - Long-Term Record - DO NOT DESTROY

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6238

(33)

Standard Form 50
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296–33, Subch. 4

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | | | 2. Social Security Number | 3. Date of Birth 11/ /1975 | 4. Effective Date 6/30/2013 |
|---|---|---|---|---|---|

### FIRST ACTION

| 5–A. Code 894 | 5–B. Nature of Action PAY ADJUSTMENT |
|---|---|
| 5–C. Code V8V | 5–D. Legal Authority 38 U.S.C., CH. 74 |
| 5–E. Code | 5–F. Legal Authority |

### SECOND ACTION

| 6–A. Code | 6–B. Nature of Action |
|---|---|
| 6–C. Code | 6–D. Legal Authority |
| 6–E. Code | 6–F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| PHYSICIAN 076480 | PHYSICIAN 076480 |

| 8. Pay Plan AD | 9. Occ. Code 0602 | 10. Grade or Level PHYS | 11. Step or Rate 01 | 12. Total Salary $180,000 | 13. Pay Basis PA | 16. Pay Plan AD | 17. Occ. Code 0602 | 18. Grade or Level PHYS | 19. Step or Rate 01 | 20. Total Salary/Award $196,200 | 21. Pay Basis PA |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12A. Basic Pay $97,987 | 12B. Locality Adj. $82,013 | 12C. Adj. Basic Pay $180,000 | 12D. Other Pay $0 | | | 20A. Basic Pay $97,987 | 20B. Locality Adj. $98,213 | 20C. Adj. Basic Pay $196,200 | 20D. Other Pay $0 | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| VA GREATER LA HCS MENTAL HEALTH CARE W/LOS ANGELES CA | VA GREATER LA HCS MENTAL HEALTH CARE W/LOS ANGELES CA |

### EMPLOYEE DATA

| 23. Veterans Preference 1 | 1 = None  2 = 5-Point  3 = 10-Point/Disability  4 = 10-Point/Other  5 = 10-Point/Other  6 = 10-Point/Compensable/30% | 24. Tenure 1 | 0 = None  2 = Conditional  1 = Permanent  3 = Indefinite | 25. Agency Use | 26. Veterans Preference for RIF  YES [X] NO |
|---|---|---|---|---|---|
| 27. FEGLI L0 | BASIC + OPTION B (2X) + OPTION A | 28. Annuitant Indicator 9 | NOT APPLICABLE | | 29. Pay Rate Determinant 0  REGULAR RATE |
| 30. Retirement Plan K | FERS & FICA | 31. Service Comp. Date (Leave) 7/1/2012 | 32. Work Schedule P  PART-TIME | | 33. Part-Time Hours Per Biweekly Pay Period 50 |

### POSITION DATA

| 34. Position Occupied 2 | 1 = Competitive Service  3 = SES General  2 = Excepted Service  4 = SES Career Reserved | 35. FLSA Category E | E = Exempt  N = Nonexempt | 36. Appropriation Code 8203.2122 | 37. Bargaining Unit Status 1276 |
|---|---|---|---|---|---|
| 38. Duty Station Code 06-1980-037 | | 39. Duty Station (City – County – State or Overseas Location) W/LOS ANGELES CA | | | |

| 40. Agency Data 691 | 41. | 42. | 43. | 44. |
|---|---|---|---|---|

| 45. Remarks |
|---|
| ASSIGNMENT: PSYCHIATRY P&D MARKET PAY INCREASED TO BE EQUIVALENT TO THE MINIMUM OF THE NEW PAY RANGE FOR THE SPECIALITY. P&D MARKET PAY REVIEW/INCREASE. AMOUNT IN ITEM 20 INCLUDES P&D MARKET PAY. AMOUNT IN ITEM 20C INCLUDES P&D MARKET PAY OF $ 98,213. P & D MARKET PAY IS AUTHORIZED UNDER P. L. 108-445 AND IS BASE PAY FOR RETIREMENT, LIFE INSURANCE, AND OTHER BENEFITS RELATED TO BASIC PAY. TOTAL PAY DETERMINED BY P&D PAY TABLE 1 |

| 46. Employing Department or Agency DEPARTMENT OF VETERANS AFFAIRS | | | 50. Signature/Authentication and Title of Approving Official BRENDA CABUNOC |
|---|---|---|---|
| 47. Agency Code VA TA | 48. Personnel Office ID 1625 | 49. Approval Date 7/22/2013 | HUMAN RESOURCES OFFICER ELECTRONICALLY SIGNED |

(34)

5–Part 50–316

2 - OPF Copy - Long-Term Record - DO NOT DESTROY

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6238

Standard Form 50
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296–33, Subch. 4

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | | | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|---|---|
| ▓▓▓▓▓ | | | ▓▓▓▓▓ | 08 ▓▓/1970 | 09/16/2018 |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5–A. Code **894** | 5–B. Nature of Action **GENERAL ADJUSTMENT PAY ADJ** | 6–A. Code | 6–B. Nature of Action |
| 5–C. Code **V8V** | 5–D. Legal Authority **P.L. 108-445, DATED 12/3/ 2004** | 6–C. Code | 6–D. Legal Authority |
| 5–E. Code | 5–F. Legal Authority | 6–E. Code | 6–F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| PHYSICIAN  PD: 085870  POSITION: 91369692 | PHYSICIAN  PD: 085870  POSITION: 91369692 |

| 8. Pay Plan **AD** | 9. Occ. Code **0602** | 10. Grade or Level **PHYS** | 11. Step or Rate **02** | 12. Total Salary **$245,885.00** | 13. Pay Basis **PA** | 16. Pay Plan **AD** | 17. Occ. Code **0602** | 18. Grade or Level **PHYS** | 19. Step or Rate **02** | 20. Total Salary/Award **$278,197.00** | 21. Pay Basis **PA** |
|---|---|---|---|---|---|---|---|---|---|---|---|

| 12A. Basic Pay **$106,842.00** | 12B. Locality Adj. **$139,043.00** | 12C. Adj. Basic Pay **$245,885.00** | 12D. Other Pay **$0** | 20A. Basic Pay **$106,842.00** | 20B. Locality Adj. **$171,355.00** | 20C. Adj. Basic Pay **$278,197.00** | 20D. Other Pay **$0** |
|---|---|---|---|---|---|---|---|

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| VETERANS HEALTH ADMINISTRATION  MENTAL HEALTH CARE  W/LOS ANGELES CA USA | VETERANS HEALTH ADMINISTRATION  MENTAL HEALTH CARE  W/LOS ANGELES CA USA |

### EMPLOYEE DATA

| 23. Veterans Preference **1** | 1 – None  2 – 5-Point | 3 – 10-Point/Disability  4 – 10-Point/Compensable | 5 – 10-Point/Other  6 – 10-Point/Compensable/30% | 24. Tenure **1** | 0 – None  1 – Permanent | 2 – Conditional  3 – Indefinite | 25. Agency Use | 26. Veterans Preference for RIF  YES **X** NO |
|---|---|---|---|---|---|---|---|---|

| 27. FEGLI **C0** | BASIC ONLY | 28. Annuitant Indicator **9** | NOT APPLICABLE | 29. Pay Rate Determinant **0** |
|---|---|---|---|---|

| 30. Retirement Plan **KF** | FERS FRAE AND FICA (FULL) | 31. Service Comp. Date (Leave) **09/06/2016** | 32. Work Schedule **P** | PART TIME | 33. Part–Time Hours Per Biweekly Pay Period **50.00** |
|---|---|---|---|---|---|

### POSITION DATA

| 34. Position Occupied **2** | 1 – Competitive Service  2 – Excepted Service | 3 – SES General  4 – SES Career Reserved | 35. FLSA Category **E** | E – Exempt  N – Nonexempt | 36. Appropriation Code **8203-2122** | 37. Bargaining Unit Status **1276** |
|---|---|---|---|---|---|---|

| 38. Duty Station Code **06-1980-037** | 39. Duty Station (City – County – State or Overseas Location) **W/LOS ANGELES   CA** | | | |
|---|---|---|---|---|

| 40. Agency Data **691** | 41. | 42. | 43. | 44. |
|---|---|---|---|---|

**45. Remarks**
THIS REVIEW IS RETROACTIVE TO RECORD THE OVERDUE 2018 BIENNIAL.
MARKET PAY REVIEW APPROVED ON 08/28/2019
P&D MARKET PAY REVIEW WITH INCREASE.
AMOUNT IN ITEM 20C INCLUDES P&D MARKET PAY OF $171,355
ANNUAL PAY RATE (BASE PAY PLUS MARKET PAY) IS LIMITED TO $400,000 BY 38 USC 7431(E)(4) AND 3 USC 102
P & D MARKET PAY IS AUTHORIZED UNDER P. L. 108-445 AND IS BASE PAY FOR RETIREMENT, LIFE INSURANCE, AND
OTHER BENEFITS RELATED TO BASIC PAY.

| 46. Employing Department or Agency  VETERANS HEALTH ADMINISTRATION | 50. Signature/Authentication and Title of Approving Official  ELECTRONICALLY SIGNED BY: |
|---|---|
| 47. Agency Code **VATA** | 48. Personnel Office ID **1625** | 49. Approval Date **10/09/2019** | MICHAEL PAYNE  HUMAN RESOURCES OFFICER |

5–Part 50–316

2 - OPF Copy - Long-Term Record - DO NOT DESTROY

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6238

(35)