TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JOSEPH M. BRIONES (Cal. Bar No. 303190)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 917-1952
    E-mail: joseph.briones@usdoj.gov

Attorneys for Defendant DOUGLAS A. COLLINS,
Secretary, United States Department of Veterans Affairs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BONNIE LEE OLSON, MD,<br><br>    Plaintiff,<br><br>v.<br><br>DOUGLAS A. COLLINS, IN HIS OFFICIAL CAPACITY AS SECRETARY OF VETERANS AFFAIRS,<br><br>    Defendant. | No. 2:25-cv-08498-MWC-AGRx<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JOSEPH BRIONES IN SUPPORT THEREOF**<br><br>([Proposed] Order filed concurrently herewith)<br><br>Hearing Date:  April 24, 2026<br>Hearing Time:  1:30 p.m.<br>Ctrm:  6A<br><br>Honorable Michelle Williams Court<br>United States District Judge |

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that, on April 24, 2026 at 1:30 p.m., as soon thereafter as they may be heard, Douglas A. Collins, Secretary of the Department of Veterans Affairs ("Defendant") will, and hereby does, move this Court for an order dismissing this action under Fed. R. Civ. P. 12(b)(1). This motion will be made before the Honorable Michelle Williams Court, United States District Judge, Courtroom 6A, located in the First Street United States Courthouse, 350 W 1st Street, Los Angeles, CA 90012.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which was held telephonically on January 16, 2026, and March 3, 2026. Declaration of Joseph M. Briones ¶¶ 4-7. During these discussions, the parties discussed the substance of the motion but were unable to reach a resolution. *See id*.

Dated: March 10, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

  */s/ Joseph M. Briones*
Joseph M. Briones
Assistant United States Attorney

Attorneys for Defendant DOUGLAS A. COLLINS, Secretary, United States Department of Veterans Affairs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Doctor Bonnie Lee Olson ("Plaintiff"), a former Department of Veterans Affairs ("VA") psychiatrist, filed this lawsuit contending that the VA incorrectly calculated her back pay award in accordance with an Equal Employment Opportunity Commission ("EEOC") Administrative Judge's ("AJ") order. Plaintiff is now attempting to enforce this order in United States District Court by seeking the difference between her back pay calculation and the amount of back pay the VA paid her on April 19, 2021. Plaintiff's lawsuit must be dismissed because this Court does not have subject matter jurisdiction to enforce an EEOC Administrative Judge's order for back pay.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed two formal EEOC complaints on August 21, 2015, and October 21, 2016, claiming violations of Title VII of the Civil Rights Act of 1964, Rehabilitation Act of 1973, and the Age Discrimination in Employment Act of 1967 ("ADEA"). Dkt. 1 at 19-20. On October 22, 2020, EEOC AJ Peterson granted summary judgment in favor of the VA dismissing all of the Plaintiff's claims except for her ADEA claim. Dkt. 13 at 12; 1 at 20. Plaintiff's ADEA claim alleged that on May 29, 2015, she learned that she was paid less than younger colleagues. *Id*. AJ Peterson issued a second summary judgment order on January 4, 2021, sanctioning the VA and granting judgment in favor of Plaintiff, finding that the VA violated the ADEA by improperly paying Plaintiff less than her younger colleagues. *Id*. at 12-27. The VA was directed, among other things, to pay Plaintiff "back pay for the difference between [Plaintiff's] market pay and that of the highest comparative's market pay retroactive to August 21, 2013" and to reimburse her for any tax consequences created by the lump-sum back pay award. *Id*. at 26.

On January 19, 2021, the VA issued a Final Agency Decision ("FAD") adopting AJ Peterson's summary judgement orders, agreeing that the "Agency shall immediately pay [Plaintiff] back pay for the difference between her pay and that of her highest paid comparatives retroactive to August 21, 2013 (two years prior to filing the complaint)."

1

Dkt. 1 at 12-17. The VA, however, appealed AJ Peterson's ruling on February 3, 2021, with the EEOC's Office of Federal Operations ("OFO"). Dkt. 13 at 30. The OFO denied the appeal on May 25, 2021. *Id*.

On April 15, 2021, the VA began the process of determining Plaintiff's back pay award. *Id*. It proposed that Plaintiff receive $224,910 in back pay on April 19, 2021. *Id*. at 42. On June 22, 2021, the VA provided a second calculation of $385,016 in back pay. *Id*. at 46. The VA proposed a third back pay calculation of $218,040 on August 6, 2021. Dkt. 13-1 at 4. Finally, on December 21, 2021, the Agency sent Plaintiff a fourth back pay determination of $228,076.92. *Id*. at 29-30.

Plaintiff filed her own OFO appeal on January 26, 2022, requesting that the VA provide her with the underlying information it used to calculate her back pay. Dkt. 13 at 30. While Plaintiff's OFO appeal was pending, on April 29, 2022, the VA paid Plaintiff $219,906.14 in back pay. Dkt. 13-2 at 13. Plaintiff maintained that the correct back pay calculation should have been $532,564, approximately $300,000 more than the back pay the VA paid. *Id*. at 11-12. On October 23, 2023, the OFO issued a decision in favor of Plaintiff on her appeal ordering that the VA pay her attorney's fees for her appeal and provide the documentation it used to determine her back pay award. Dkt. 1 at 19-29. On December 24, 2024, Plaintiff filed an OFO Petition for enforcement on her appeal, alleging that the VA did not correctly calculate her back pay and that she was owed additional back pay. Dkt. 13 at 29-38. On June 25, 2025, the OFO issued a decision on Plaintiff's enforcement petition finding that the VA's back pay award "may not have been perfect, [but] it has been adequate or acceptable enough to constitute satisfactory compliance[.]" Dkt. 1 at 9-10.

Plaintiff filed her original complaint on September 8, 2025, requesting that this Court enforce the VA's January 19, 2021, FAD, ordering backpay and sanction the VA for not complying with the EEOC's order. Dkt. 1 at 1-6. Plaintiff demanded that this Court order payment of $245,000 in "unpaid back pay" the difference between the back pay she received from the VA on April 29, 2022, and her back pay calculation of

$532,564. *See*, *Id*. at 6. Plaintiff also referenced the EEOC's January 4, 2021, "summary judgment in this case which reflected on the substance of my claim." *Id*.

Plaintiff filed a First Amended Complaint ("FAC") on February 24, 2026, where she again asked this Court to sanction the VA for failing to comply with the EEOC's orders and to enforce EEOC AJ Peterson's summary judgement order by paying her "unpaid backpay consistent with the original order[.]" Dkt. 13 at 7. Plaintiff's FAC, just as in her original complaint, alleges that the VA incorrectly calculated her back pay and that the remaining unpaid back pay should be "in the neighborhood of $200,000 and $300,000 dollars." *Id*.

## III.   ARGUMENT

This Court does not have jurisdiction to enforce EEOC AJ Peterson's order granting Plaintiff back pay. Plaintiff fails to demonstrate an applicable waiver of sovereign immunity permitting suit to enforce an EEOC administrative order. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). A plaintiff who sues the United States or its agencies bears the burden of demonstrating an "unequivocal waiver of immunity" to establish subject matter jurisdiction. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983); *see Meyer*, 510 U.S. at 475.

Plaintiff brought this lawsuit to enforce an EEOC administrative judge's order granting her back pay. Plaintiff's first cause of action on her original complaint is "non-compliance with an EEOC order to provide back pay for age discrimination" where she alleged that the VA improperly calculated the back pay it owed to her. Dkt. 1 at 4. Similarly, in the FAC, Plaintiff's statement of facts only provides information concerning EEOC AJ Peterson's order granting her back pay from August of 2013 through January of 2021, and her attempts to enforce that order. Dkt. 13 at 3-4. Plaintiff alleges that the VA's back pay calculation was incorrect because there were "[f]our excluded comparators" and that the VA's responses did "not address comparators

3

eliminated and once again demonstrates the addition of other factors explicitly rejected in the summary judgment." *Id*. at 4. Plaintiff further alleges that the VA purposefully manipulated "evidence to allow for reduced back pay, to exclude evidence of very highly paid younger psychiatrists." *Id*. Finally, besides her requests for legal costs, and sanctions, the only damages Plaintiff is requesting is what she sees as the unpaid back pay she is purportedly owed under EEOC AJ Peterson's January 4, 2021, summary judgment order. *Id*. at 7. Plaintiff believes that she is owed unpaid back pay because the VA's miscalculated of what it owed her was "in the neighborhood of $200,000 and $300,000 dollars." *Id*.

While Defendant acknowledges that this Court has jurisdiction over properly exhausted ADEA claims, Plaintiff is not attempting to relitigate her successful ADEA pay disparity claim de novo. If Plaintiff were willing to relitigate her ADEA claim de novo, Defendant would not object. *See Chandler v. Roudebush*, 96 S. Ct. 1949, 1951-52 (1976); *Nabors v. United States*, 568, F.2d 657, 660 (9th Cir 1978). Plaintiff, however, is not requesting a de novo review; rather, she is asking that the Court review the administrative record and follow the determination of AJ Peterson, which district courts do not do.[1] *Nabors*, 568 F.2d at 660-61; *Alexander v. Gardener Denver co.*, 94 S. Ct. 1011, 1015 (1974); *Kremer v. Chemical Const. Corp.*, 102 S. Ct. 1883, 1891-92 (1982). The Court therefore does not have jurisdiction to enforce EEOC administrative orders and should dismiss the FAC without leave to amend.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] In addition, Plaintiff appealed the portions of AJ Peterson's orders which were not favorable to her to the OFO. The OFO found that the VA's back pay award was "adequate" to "constitute satisfactory compliance." Dkt. 1 at 9-10.

4

## IV. CONCLUSION

For the forgoing reasons, Defendant respectfully requests that this motion be granted and dismiss the FAC without leave to amend.

Dated: March 10, 2026         Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

    /s/ Joseph M. Briones
Joseph M. Briones
Assistant United States Attorney

Attorneys for Defendant DOUGLAS A. COLLINS, Secretary, United States Department of Veterans Affairs

### CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2

Counsel of record for Defendant certifies that the memorandum of points and authorities contains 1,491 words, which complies with the word limit of L.R. 11-6.1.

## DECLARATION OF JOSEPH M. BRIONES

I, Joseph M. Briones, do hereby declare and state as follows:

1. I am an Assistant United States Attorney for the Central District of California. I have been assigned to the defense of this action. I make this declaration based on my personal knowledge.

2. On January 13, 2026, I sent Plaintiff an email which advised her of the legal basis of this motion. I asked Plaintiff for a telephonic conference.

3. On January 14, 2026, I sent Plaintiff a second email with caselaw showing that ADEA (and Title VII) cases brought in district court are heard de novo.

4. On January 16, 2026, I spoke telephonically with Plaintiff. During this call I explained that this Court does not have jurisdiction to enforce an EEOC administrative judge's order. I also told her that the Complaint failed to state a claim.

5. Plaintiff requested additional time to consider whether to dismiss or amend her complaint. On January 22, 2026, the parties stipulated under Local Rule 8-3 to extend Defendant's response deadline to February 25, 2026. Dkt. 12.

6. On February 24, 2026, Plaintiff filed the FAC, which Defendant did not receive until it was uploaded to the CM/ECF system on March 2, 2026.

7. I met and conferred telephonically with Plaintiff again on March 3, 2026, where I discussed the deficiencies of the FAC. I again explained that this Court did not have jurisdiction to enforce EEOC administrative orders and that the FAC failed to state a claim. Plaintiff stated that she would oppose this motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2026, at Los Angeles, California.

/s/ Joseph B. Briones
JOSEPH B. BRIONES